## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) |
| | ) |
| CAPITAL ONE, N.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Anthony Lawrence alleges the following against Defendant Capital One, N.A.

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. (TCPA).

2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the TCPA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits arising under TCPA).

4. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated, within this District.

## PARTIES

5.   Plaintiff is a natural person residing in St. Louis County, Missouri.

6.   Defendant is a Virginia corporation doing business in the State of Missouri with its principal place of business located in McLean, Virginia.

7.   At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.   Defendant is a "person" for TCPA purposes.

9.   Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10.   Defendant placed collection calls to Plaintiff's cellular telephone at phone number (314) 766-00XX.

11.   Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

12.   Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13.   Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

14.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about April 14, 2016, at or about 10:04 a.m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's female representative ("Briana") and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant both his phone number and Social Security number to assist Defendant in accessing his account before asking Defendant to stop calling his cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on April 14, 2016.

20. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on April 14, 2016.

21. Defendant continued to place collection calls to Plaintiff through June 20, 2016.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least 41 automated calls to Plaintiff's cell phone, annoying and harassing Plaintiff and invading his privacy.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227

23.     Plaintiff repeats and incorporates by reference into this count the allegations set forth above at Paragraphs 1-22.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

25.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227

27.     Plaintiff repeats and incorporates by reference into this count the allegations set forth above at Paragraphs 1-26.

28.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

29.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30.     Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Lawrence respectfully requests judgment be entered against Defendant Capital One, N.A., for the following:

## COUNT I

31.    For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein,, i.e., 41, for $20,500.00;

32.    Actual damages and compensatory damages according to proof at time of trial;

## COUNT II

For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein, i.e., 41, for $61,500.00;

33.    Actual damages and compensatory damages according to proof at time of trial;

## ON ALL COUNTS

34.    Actual damages and compensatory damages according to proof at time of trial;

35.    Costs; and

36.    Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

37.    Plaintiff demands a jury trial on all issues so triable.

**SCHULTZ & ASSOCIATES LLP**

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Facsimile: (636) 537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*